Case 1:22-mj-00118-RMM   Document 1-1

Case: 1:22-mj-00118
Assigned to: Judge Meriweather, Robin M.
Assign Date: 5/26/2022
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On May 25, 2022, officers with the Metropolitan Police Department's Violent Crime Suppression Division, Violence Reduction Unit searched xxxx Xxxxxxxxxxxxx Xxxxxx XX, Xxxxxxxxx xxx, Xxxxxxxxx XX, xxxxx pursuant to a residential search warrant signed on May 23, 2022, by the Honorable U.S. Magistrate Judge Robin M. Meriweather, U.S. District Court for the District of Columbia. The apartment, located on the 7th floor, was associated with Daevon Narce, who was indicted on May 12, 2022, for Conspiracy to Distribute and Possess with Intent to Distribute 400 or More Grams of a Mixture and Substance Containing a Detectable Amount of Fentanyl or 100 Grams or More of a Mixture and Substance Containing a detectable Amount of Any Analogue of Fentanyl, and 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846.

As members of the Emergency Response Team (ERT) went to the apartment door to make initial entry and secure the scene, members of the Fifth District Crime Suppression Team were stationed on the ground at the rear of the apartment building. At approximately 6:00 am, those officers observed a black male open a window of Apartment #722 (later confirmed to be the bedroom window) and throw out a firearm. Officers secured the firearm. The firearm was a 9mm semiautomatic pistol with a blue lower receiver and a black slide. The pistol was a privately manufactured firearm (or ghost gun) with the model number PF940SC. The firearm was equipped with a magazine, which contained 6 rounds. The firearm appeared fully functional, had a barrel of less than twelve inches long, was designed to expel a projectile through means of an explosion, and was capable of being fired with one hand.

At approximately 6:00 am, ERT entered the apartment, which consisted of one bedroom, one bathroom, and a joint kitchen and living room. Officers observed two black males exiting the bedroom. One of the individuals, identified by officers as Narce, moved quickly into the bathroom. The other individual, later identified as the defendant, Samuel Hall, went into the living room area. Hall is the leaseholder on Apartment #722.

Officers placed Narce under arrest pursuant to an arrest warrant and transported him to the FBI Washington Field Office. Officers then secured Hall and began a search of the apartment. The search of the apartment yielded several items typically associated with the manufacture and distribution of cocaine base and fentanyl, including sifters, zips (small baggies often used for distributing narcotics), needles, bump straws with apparent narcotic residue, and cutting agents, such as mannitol powder. Officers also found several containers that appeared to be common household items but were equipped with false bottoms capable of concealing narcotics.

Officers also discovered a firearm behind a dresser in the bedroom. The firearm was a 9mm semiautomatic pistol with a gray lower receiver and a black slide. The pistol was a privately manufactured firearm (or ghost gun) with the model number PF940C. The firearm was equipped with a magazine of unknown capacity, which contained 8 rounds. The firearm appeared fully functional, had a barrel of less than twelve inches long, was designed to expel a projectile through means of an explosion, and was capable of being fired with one hand.

During the search of the apartment and after the discovery of some of the items listed above, officers conducted a protective pat-down and search of Hall. From Hall's person, officers recovered $220 in U.S. currency in denominations consistent with street-level narcotics sales, 6 grams of a substance that field-tested positive for fentanyl, and 2 grams of a white rock-like substance that field-tested positive for cocaine base. Based on your affiant's training and experience, those quantities were more consistent with distribution rather than personal use. Officers placed Hall under arrest and transported him to the FBI Washington Field Office.

Based on the foregoing, your affiant submits that there is probable cause to believe that Samuel Hall violated 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), which makes it a crime to possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyllethyl)-4-piperidninyl] propanamide (Fentanyl), a Schedule II narcotic drug controlled substance.

Your affiant also submits that there is probable cause to believe that Samuel Hall violated 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), which makes it a crime to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance.

_____
OFFICER CORBIN SEWARD
METROPOLITAN POLICE DEPARMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 26th day of May, 2022.*

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE